Oldham, J., delivered the opinion of the court. This was a bill, filed by William Cummins in his life time, praying to injoin a judgment recovered against him by Harrell, for the use of Seott. The bill alleges that the bond was fraudulently and surreptitiously obtained by Harrell, from the complainant and John Dillard as his security, but- the manner and means by which it was obtained are not stated by the bill. It is also stated in the bill that, at the time that Harrell thus fraudulently and surreptitiously obtained the bond upon which the judgment sought to be enjoined was recovered, Cummins purchased from him a Lovely donation claim for three hundred and twenty acres of land, for which he paid him one hundred dollars in cash, and gave his bond, with John Dillard as his security, for two hundred and fifty dollars, the balance of the purchase money of the donation claim, payable at a future day. A copy of the bond and also of Jlarrell’s deed are exhibited by the bill. Scott, in his answer, denies all knowledge of the transaction between the original parties, and states that he came to the possession of the bond in the usual course of business and trade. Harrell, in his answer, positively denies the charge that the bond was fraudulently and surreptitiously obtained, and then alleges that it was received as a part of the consideration for the donation claim, which he had sold to Cummins, the price of which was five hundred and fifty dollars, that is, fifty dollars in cash, and the two bonds, spoken of in the bill, of two hundred and fifty dollars each; and not three hundred and fifty dollars as charged in the bill. The only allegation contained in the bill, upon which relief is prayed, is that the bond was fraudulently and surreptitiously obtained: and all the facts stated concerning the purchase, and consideration of the donation claim are not charged, and seem to have no connection whatever with the bond in question, but are only related as circumstances which transpired at the time the bond was fraudulently and surrreptitiously obtained, and can only be regarded as an attempted denial, by anticipation, of the matters which it was supposed might be set up as a defence, by Harrell-in his answer. The bill does not call upon Harrell to answer in what manner he obtained the bond from Cummins and Dillard, or what was the consideration he gave for it; and he was not bound to answer further than simply to admit or deny that the bond was obtained by him as charged in the bill. We do not conceive it necessary to determine whether an allegation of fraud so general as that contained in the bill, is sufficient; but will proceed to examine whether the allegation was sustained by testimony. The bill seeks to avoid the bond of Cummins, upon the grounds of fraud, and Harrell having answered positively, denying that allegation, his answer is conclusive evidence, if uncontradicted by any witness in the cause. His denial of the fact directly alleged by the bill is entitled to full credit until contradicted by legitimate proof. Lenox vs. Prout, 4. Con. Rep. Sup. court, U.S. 312. And it is a general rule that the answer of .a defendant, under oath, must be.taken as true, unless contradicted by two witnesses, or one witness with probable circumstances. The reason is, that the plaintiff, having called upon the defendant to answer the allegations 'of the bill, thereby admits it to be evidence. If it is testimony, it is equal to the testimony of any other witness, and the plaintiff, to prevail upon a balance of testimony in his favor, must have the testimony of two witnesses, or one witness with probable circumstances. Clark’s Ex'rs vs. Van Rumsdyk. 3 Con. Rep. 319. The evidence, in no particular tends to establish the allegation of fraud; no witness examined, knew anything of the execution of the bond-except Edmondson, the subscribing witness, and his evidence tends to establish the truth of the answer rather than the bill, There is no circumstance whatever established by the testimony, calculated to cast the slightest shade of suspicion upon the bond. The evidence taken in relation to the price for which donation claims were selling, does not prove that the bond was fraudulently and surreptitiously obtained, but only tends to disprove by circumstances, the statements of Harrell’s in answer, relation to the price for which he sold the claim to Cummins: allegations he was not bound to have made, and, having made them, was not bound to prove them, until the charges in the bill were sufficiently established to authorize a decree for the plaintiff, in the absence of testimony on the part of the defendant. It is true, as contended on the part of the plaintiff that “no rule in proceedings in chancery is more firmly established or better sustained by reason and authority than the one which requires a party, who in his answer admits facts which impose a duty or obligation upon him, and in the same answer sets up new matter to relieve himself from such charge or obligation, to prove on the final hearing by testimony, the new facts alleged by way of aAmidance;” and it is a rule equally well established and sustained by reason and authority, that he who seeks to avoid his bond upon the grounds of fraud, must establish the fraud, by testimony, upon the final hearing* unless it is admitted by the defendant in his answer, to entitle him to relief. Harrell’s answer does not admit any charge or allegation whatever, contained in the bill, and seek to avoid it by new facts by way of discharge, but contains a positive denial of the facts contained in the bill and relied upon for relief. The issue is not whether the deed executed by Harrell to Cummins, for the donation claim was in consideration of three hundred and fifty, or five hundred and fifty dollars, but whether the bond executed by Cummins and Dillard was fraudulently and surreptitiously obtained by Harrell.- The case of Green vs. Hart, 1 J. R. 580, cited and relied upon by the plaintiff is strong authority. against him. Hart filed his bilí against Green and others, and unnecessarily stated that he paid a valuable consideration for the mortgage, and Johnson’s note which Green had endorsed to him; Green sought to avoid his endorsement on the ground of usury. The court held “that the fact that Hart was in possession of the note as endorsee, and the fact of the absolute endorsement by Green, was prima facie evidence of a full and adequate consideration paid for the note. That Hart was under no necessity of inquiring into it, but that he did allege tjiat the consideration was a full and valuable one. This Green might have denied, and had it been incumbent on the plaintiff, he must have proved the allegation or failed in his suit, but that the burthen of proving that the consideration was illegal or inadequate rested upon the opposite party.” Cummins in this case seeks to avoid his bond upon the ground of fraud. The execution of the bond by him, and its possession by Harrell, is prima facie evidence that it was obtained in good faith and for a valuable and adequate consideration.- The burthen rested upon Cummins to prove that it was obtained fraudulently and without consideration. Harrell yvas under no necessity to state the consideration of the bond, and having stated it, was under no obligation to prove it. The deciee must be affirmed.